IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

| | | |
|---|---|---|
| **MARY KRAMER** | : | Case No. 3:16-cv-00243 |
| Plaintiff, | : | Judge Thomas B. Russell |
| vs. | : | |
| **UNIFUND CCR PARTNERS,** *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING FINAL APPROVAL
### TO CLASS ACTION SETTLEMENT
### AND
### DISMISSAL WITH PREJUDICE

This matter came before the Court on January 17, 2018 on the joint request of named Plaintiff, Mary Kramer, individually and on behalf of a Settlement Class of similarly situated persons (collectively, "Plaintiffs" or "Class Members"), and Defendants Unifund CCR Partners and Michael Keeney ("Defendants"), for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement") (Doc. #12-1).

- The total number of accounts included in the Class is 1025.[1]
- As part of the administration of this class action, the parties sent notice to the judgment debtors of the 1025 accounts.
- The total number of notices that were mailed is 1025.
- The total number of notices returned as "undeliverable" was 158.
- The total number of persons requesting exclusion from the class settlement was two.[2]

---

[1] After preliminary approval of the settlement agreement was granted, the parties identified some accounts that fell outside of the scope of the parties' agreement due to a judgment debtors' bankruptcy or death.

[2] The class members who are excluded are John Cottrell and Timothy Maddie.

- The total number of objections to the settlement received or filed was zero.

The Court being duly advised of these premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Definitions.** For the purposes of this Order Granting Final Approval To Class Action Settlement And Dismissal With Prejudice (the "Order"), the Court adopts by reference each and every definition set forth in the Definitions section and throughout the Settlement Agreement.

2. **Notice.** The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order (Doc. #14) fully and accurately informed all Class Members entitled to notice of the material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law.

3. **Objections.** The Court finds that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to the Settlement Agreement have been made. All Class Members who have not made their objections to the Settlement Agreement in the manner provided in the notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

4. **Exclusions.** The Court finds that after proper notice to the Class Members and after sufficient opportunity to request to be excluded from the Class, two timely requests for exclusion to the Settlement Agreement have been made. All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Settlement Agreement are bound by the terms and conditions of the Settlement Agreement and this Order.

5. **Final Approval.** The Court finds that the Settlement is fair, reasonable, adequate, in the best interests of the Class Members under Rule 23 of the Federal Rules of Civil Procedure, was entered into in good faith, and serves the public interest. Accordingly, the Court approves final

certification of Class for purposes of effecting the Settlement Agreement, approves the Settlement Agreement, and directs that the Parties implement it, as follows:

5.1. The Parties are directed to implement the Settlement in accordance with all its terms;

5.2. The Settlement Administrator First Class, Inc. is authorized and directed to distribute checks to those Class Members entitled to receive checks, pursuant to the Settlement Agreement and this Order; and

5.3. All Class Members shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged Defendants and their Related Parties from all Released Claims, and all Class Members are forever enjoined and barred from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that asserts any Released Claims.

5.4. Under the parties' Settlement Agreement, because there were no objections to the parties' agreement, the effective date of the agreement shall be ten (10) days following the entry of this Order.

5.5. Defendants shall have thirty (30) days from the effective date of the agreement to apply credits to the Class Members' accounts and issue any payments due under the settlement. This includes the Class Representative Incentive Award and Attorneys' Fees under Sections 6 and 7 of this Order.

5.6. Within 45 days of the effective date of the Order, Defendants shall file a report with this Court certifying that the payments have been issued and credits applied and the date(s) on which any payments were issued.

5.7. If any funds remain undisbursed after 120 days following the date the claim administrator disburses payments to the Class Members, the claims administrator shall disburse those funds to the Legal Aid Society of Louisville, Kentucky within 15 days of the 120-day window in which Class Members can deposit their payments.

6. **Class Representative Incentive Award.** The Court finds that the Class Representative Incentive Award is fair and reasonable under the circumstances and directs that the stipulated and agreed upon amount of $8,000.00 shall be paid to Plaintiff, and delivered to Class Counsel, within the time period provided in the Settlement Agreement.

7. **Attorney's Fees, Costs and Expenses.** The Court finds that Class Counsel's hourly rate of $375 per hour is reasonable. The Court relies on its experience with local attorneys' fees, the reasonableness of the parties' Settlement Agreement, and the representations of Class Counsel and Allan Cobb in making this finding. The Court finds that the number of hours worked by Class Counsel was reasonably necessary. The Court also finds that the modest attorneys' fee enhancement contemplated by the parties' Settlement Agreement is appropriate given the benefit Class Counsels work provided to the class. Accordingly, the Court approves Class Counsel's motion for attorney's fees, costs and expenses, in the stipulated and agreed upon total amount of $45,000.00, and directs that it shall be paid within the time period provided in the Settlement Agreement to Class Counsel, Ben Carter.

8. **Other Provisions.** All other provisions of the Settlement Agreement are incorporated into this Order as if fully rewritten herein. To the extent that the terms of this Order conflict with the terms of the Settlement Agreement, the Settlement Agreement shall control.

9. **Dismissal.** This Action is dismissed with prejudice; subject, however, without affecting the finality of this Order, to this Court retaining exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order and the Order; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

10. **No Admission.** Defendants deny having engaged in any improper, wrongful or illegal activity or having violated any law or regulation or that any person or entity has suffered any harm or damages as a result of any conduct alleged in the Action. Defendants have agreed to the terms

of the Settlement Agreement solely in the interest of avoiding costly and protracted litigation and the risk of an uncertain outcome in the Action. The Settlement Agreement and all negotiations, papers, writings, statements and/or proceedings in connection therewith are not, and shall not in any way be construed or used as or deemed to be evidence of an admission or concession on the part of Defendants of fact, law or otherwise, including but not limited to:

- an admission or concession of any liability or wrongdoing;
- an admission or concession that any of the Class Members have suffered damage; or
- an admission or concession that this case is properly maintainable as a class action apart from the Settlement Agreement.

Neither the Settlement Agreement nor any document associated with it shall be deemed to be or construed as an admission by any settling party of any act, matter, proposition, or as reflecting any merit or lack of merit of any claim or defense, including but not limited to the appropriateness of class treatment of this Action.

11. **No Reason for Delay.** There is no just reason for delay, and this is a final, appealable order as of when it is stamped as received for filing.

12. **Costs.** The dismissal of this action shall be without costs taxed to either party.

IT IS SO ORDERED.

DATED: _____, 2018          _____
                                              Judge Thomas B. Russell